MARTIN J. MADDEN *vs.* ZONING BOARD OF REVIEW OF THE
CITY OF WARWICK *et al.*

MAY 25, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This petition for a writ of certiorari was brought under general laws 1956, §45-24-20, to review the decision of the zoning board of review of the city of Warwick denying an application for an exception or variance under the zoning ordinance of that city. Pursuant to the writ the respondent board has certified the pertinent records to this court.

The petitioner owns a parcel of land on Warwick avenue in an area zoned as a general business district. On February 20, 1958 he filed an application for an exception or a variance under sections 4.1 and 14.2.2 of the zoning ordinance. He stated therein that the application was for renewal of a license and prayed for a permanent permit to

use the land in question as a used car lot. At the time of the filing of the application petitioner alleged that the premises were being used as a used car lot by virtue of a permit granted to him by the zoning board on December 7, 1955.

It appears from the record that on that date the zoning board after a hearing granted petitioner for a period of two years a permit to sell and deal in used cars on the premises in question. At that time it based its decision on the ground that a denial of such petition would deprive him of the full and beneficial use of his land. The permit was granted subject to certain conditions regulating the use of the premises.

On March 22, 1957 a new zoning ordinance was enacted by the city of Warwick designating the area in which petitioner's land is located as a general business district. Prior thereto the area was designated as business district D. The sale of used cars was not a permitted use in said area either before or after the adoption of the new ordinance.

On March 11, 1958, at the hearing on the instant application witnesses testified for and against the granting of the application. The testimony, which was conflicting, related mainly to the manner in which the applicant had conducted the used car lot since he was granted the two-year permit on December 7, 1955. There was also testimony that the premises were in a state of disrepair and that his business created a traffic problem on Warwick avenue. His testimony in substance was that he had conducted the premises in compliance with the 1955 permit.

After the hearing the board denied the application on the ground that the granting of such application would be contrary to the public interest and that a denial thereof would not deprive the applicant of the full and beneficial use of his land.

The petitioner has briefed and argued his reasons in support of the instant petition under three main points. Un-

der point I he contends that under the state enabling act, G. L. 1956, §§45-24-1 and 45-24-2, the city council has no power to prohibit the business of selling automobiles in a general business district. In other words, he is attacking the validity of the zoning ordinance which he relied on when he filed his application for an exception or a variance. He may not do this.

It is well settled in this state that where an applicant, without claim of right and solely in reliance upon a zoning ordinance, applies directly to a zoning board to authorize a special exception or a variance under the ordinance, and after an adverse decision brings certiorari to review such decision, the only question before the court is the propriety of the action of the board. *Heffernan* v. *Zoning Board of Review,* 49 R. I. 283, 286. The petitioner's contention that the ordinance in question is invalid is therefore not properly before us. We will consider solely the propriety of the action of the board upon the application addressed to its discretion.

Under point II petitioner contends that there was no evidence before the board indicating that he had not complied with all the conditions attached to the permit granted him on December 7, 1955 and that therefore there was no legal evidence to support its decision. He argues in substance that the board's action was arbitrary and unreasonable and a clear abuse of discretion.

It is well settled that the decision of a zoning board of review on a petition for an exception or variance under the zoning ordinance will not be set aside unless it clearly appears that the board acted arbitrarily and abused its discretion. *Woodbury* v. *Zoning Board of Review,* 78 R. I. 319. It is also well settled that in certiorari proceedings this court will not weigh the evidence but will merely examine it to determine whether or not the board had legal evidence to support its decision or whether such decision was made

arbitrarily. *General Products Co.* v. *Superior Court,* 81 R. I. 458.

We are not called upon at this time to determine the validity of the board's decision on December 7, 1955 wherein the application to use said premises as a used car lot was granted for a period of two years. The board based that decision on an express finding that a denial of such application would deprive the applicant of the full beneficial use of his land. On the other hand the board bases its instant decision in part on the ground that a denial of the application will not deprive the applicant of the full beneficial use of his land. In brief, the board now holds that the unnecessary hardship which it found to exist on December 7, 1955 did not exist on March 11, 1958.

We have carefully examined the record to ascertain whether there is any evidence to support the board's change of position with respect to said premises. Although the testimony relating to the manner in which petitioner has operated his business on said land since December 7, 1955 is conflicting, we have found no evidence indicating any change of conditions with respect to the usability of the premises in question to warrant the board's reversal of its former finding of unnecessary hardship. Nor is there any evidence that the premises could be used for any of the uses permitted in said area under the pertinent zoning ordinance.

In the absence of evidence showing such change of conditions, it is our opinion that the board acted arbitrarily and abused its discretion in denying the instant application. Its action was therefore illegal. In view of this conclusion we do not deem it necessary to consider petitioner's further contention that he had a valid nonconforming use at the time of the enactment of the new zoning ordinance on March 22, 1957. See *Winters* v. *Zoning Board of Review,* 80 R. I. 275, 278.

The petition for certiorari is granted, the decision of the respondent board is reversed, and the records certified to this court are ordered returned to the board.

ROBERTS, J. concurs in the result.

*A. Norman LaSalle*, for petitioner.

*Robert H. Breslin, Jr.*, Assistant City Solicitor, for respondent board.

