AUGUSTUS J. REGNIER, *Trustee vs.* CITY COUNCIL OF THE CITY OF CRANSTON.

JULY 28, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J.   This is a petition for a writ of certiorari to review the action of the city council of the city of Cranston denying the petitioner's application for a permit to build a gasoline service station on land located in a business zone on the northwesterly side of Reservoir avenue, the northerly side of High School avenue and the southerly side of Lambert street, and otherwise described as lots numbered 733, 734, 1649, 735, 731, 732, 736, 737 and parts of lots numbered 730 and 738 on assessor's plat No. 6.

The record discloses that the application, together with the plans and specifications, was referred by the inspector of buildings to the committee on building of the city council in accordance with the provisions of section 94.2 (h) of the building ordinance.   From an adverse decision of the building committee, petitioner prosecuted an appeal to the city council as provided by public laws 1946, chapter 1685, as amended by P. L. 1956, chap. 3773, and sec. 97 of the building ordinance.

The petitioner here argues that the action of the city council in denying the application was arbitrary, and further that sec. 94.2 (h) of the building ordinance as amended April 28, 1959 is invalid in that it is in excess of and contrary to the provisions of P. L. 1929, chap. 1455.

The respondent contends that on certiorari petitioner is precluded from raising any question as to the validity of the ordinance, since by filing an application for a gasoline permit he necessarily admits the validity of the law on

which he relies, citing *Madden* v. *Zoning Board of Review*, 89 R. I. 131, 151 A.2d 681, *Allen* v. *Zoning Board of Review*, 75 R. I. 321, and *Caldarone* v. *Zoning Board of Review*, 74 R. I. 196. The respondent's argument is clearly without merit on this point, since petitioner here is not seeking to invoke the discretion of the council in order to procure an exception or variance from the zoning restrictions, as were petitioners in the cited cases. Rather he was before it claiming as a matter of right under the zoning law the permit to utilize his land in a lawful manner, subject to such reasonable restrictions as the council deems proper safeguards for public safety and comfort. Under the applicable statutes no other procedures were open to petitioner, and in these circumstances it cannot be said that he is without authority to challenge the building ordinance.

Section 94.2 (h) of the building ordinance as amended reads as follows:

"Every application for the use, erection, addition to, or alteration of any building for a stable or barn other than in a farming district as defined in the Zoning Ordinance, or for a gasoline or other motor fuel filling station or public garage shall, upon the filing of the same in the office of the Inspector of Buildings, be referred to the Committee on Building of the City Council. No application shall be granted unless said Committee on Building shall determine that the granting of said application will not be injurious to the health, safety or physical comfort of that portion of the public residing or being about or near such location, or the public generally. If said application is granted, said Committee on Building shall first approve the definite location of said building and may impose such conditions as it may deem best to preserve the health, safety and physical comfort of the portion of the public residing or being about or near such location, or the public generally, and said Committee on Building may impose such other conditions as it may deem best or necessary to make said buildings safe for the

purposes for which they are to be used or to prevent fire hazards."

This ordinance is based on P. L. 1929, chap. 1455, and petitioner contends that it conflicts with the first sentence of sec. 2 thereof which provides: "In granting such permits said city council from time to time may impose such conditions as it may deem best to preserve the safety and physical comfort of that portion of the people residing or being about or near the location thereof, or the people generally."

The petitioner argues that this act authorizes the committee or the council to impose conditions on the granting of a permit, but does not authorize enactment of an ordinance which would require an affirmative finding as to health and physical comfort before an application may be granted.

Assuming without deciding that the ordinance is valid and that as a condition precedent there must be an express finding that no danger of injury to the public safety or comfort exists, nevertheless no provision contained therein would allow the city council to reject such application without first finding that such danger exists. It is plain from the record which has been certified to us that the city council did not make such a finding but acted on this application in a most summary manner and arbitrarily withheld from petitioner the right to use his land for a lawful purpose.

The petitioner's witnesses, who were of high caliber and possessed of exceptional experience in the areas on which they were examined, testified in substance as follows. Doctor John A. Roque, a former city physician of Cranston, stated that the proposed station posed no threat to the health of anyone. Also, Norman D. Broden, a retired Cranston fire chief, attested to the fact that the erection of the station and the installation of the fuel tanks in accord with the city and state laws would not create a fire hazard or any other type of unsafe condition. This testimony was

buttressed by Thomas McHugh, a former fire marshal. The subject of the testimony of James Cavanaugh, a civil engineer employed by the oil company which is desirous of building the station, was that the station would be constructed and the fuel tanks installed not only according to the city and state laws but also in conformity with safety regulations promulgated by fire underwriters.

In our opinion no useful purpose would be served by any extensive elaboration on the evidence presented at the hearing either by petitioner or three remonstrants whose objections were on grounds not germane to the consideration of petitioner's rights, or on grounds which have been held in prior opinions to be insufficient to justify the council in withholding its permission to use the land in a manner authorized under the zoning ordinance.

At the conclusion of taking testimony at the meeting held on March 11, 1960 the council recessed briefly. Thereafter the minutes of the meeting show that "On motion by Councilman Olson, seconded by Councilman Calise, the City Council on a 'aye' and 'nay' vote, voted to deny the application. Councilman Pitts then requested a division vote, which was granted. Upon division vote by the City Council, 11 voted in favor of denying the permit and 5 voted against the denial of the permit. The Mayor then stated 'The motion carries, the petition is denied.' "

This decision, which suggests no reason for the denial of the application, based as it is on a record which discloses none, is clearly arbitrary and unlawful.

The city council should act upon petitioner's application in accordance with this opinion. However, this being common-law certiorari and not the broader form expressly provided under the zoning law, general laws 1956, §45-24-20, no further order, such as the mandatory instructions urged by petitioner, may be made in these proceedings. *Newport Poster Advertising Co.* v. *City Council*, 84 R. I. 155.

The petition for certiorari is granted, the record of the

respondent city council's decision is quashed, and the papers certified to this court are ordered sent back to the city council with our decision endorsed thereon.

*George R. Beane,* for petitioner.

*Frank W. Golemba,* City Solicitor, *James DiPrete, Jr.,* Assistant City Solicitor, for respondent.