221 A.2d 109 (1966)
Norman R. GRAVIN
v.
ZONING BOARD OF REVIEW OF the TOWN OF NORTH KINGSTOWN.
M. P. No. 1768.
Supreme Court of Rhode Island.
June 30, 1966.
Graham, Reid, Ewing & Stapleton, Edward J. Regan, Providence, for petitioner.
S. Everett Wilkins, City Sol., for respondent board.
J. Frederick Murphy, Pawtucket, for applicants.
KELLEHER, Justice.
This is a petition for a writ of certiorari to review the decision of the zoning board of review of the town of North Kingstown granting an exception for the operation of a trailer park on a tract of land located in a business zone. The writ was issued and pursuant thereto the records of the board have been certified to us for our inspection.
The zoning ordinance of the town of North Kingstown provides that the zoning board may grant an exception to the terms of the ordinance for the operation of a trailer park within the town in an area zoned Business D upon a showing that public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured. The approval of the board may be subject to such conditions and safeguards as they deem fit.
Joseph J. Krzak and his wife sought permission to operate a trailer park in the town on vacant land owned by them on the westerly side of Post Road in an area zoned Business D. They presently operate a trailer camp on land immediately to the south of this property. All property abutting on both sides of this heavily-traveled highway for a mile north and south of *110 the Krzak property is in a business area and is so classified under the ordinance.
The applicants' property was described as being generally land locked. It is bounded on the south by their trailer park, on the west by water, on the north by a shopping center, and on the east by a gas station. The board was informed that entrance to this parcel could be made through the applicants' trailer park or over a right of way that would be granted the applicants by the owner of the gas station.
In addition to conducting three separate hearings on the Krzaks' application, the board also viewed their property. The board's approval was given subject, however, to the applicants' complying with eight conditions. About six months elapsed between the date of the first hearing and the rendering of the board's decision. The petitioner who owns property which abuts the applicants' property was represented by counsel at all the hearings. No evidence was presented on his behalf.
At the hearing before us it was agreed that the town of North Kingstown was authorized by the general assembly to regulate, control and license trailer parks within the municipality. While we use the term trailer park, the zoning ordinance and the enabling act refer to the proposed enterprise as a "trailer parking site." Wherever we use the term trailer park, we are referring to the designation as set forth in the zoning ordinance.
In his brief and argument, petitioner alleges two reasons for quashing the decision of the board. He states that the applicants did not sustain their burden of proof that the public convenience and welfare will be substantially served by the granting of their application.
Repeatedly we have held that in proceedings such as these, we will not weigh the evidence but merely examine it to determine whether or not there is competent evidence to support the board's decision or whether such decision was made arbitrarily. Madden v. Zoning Board of Review, 89 R.I. 131, 151 A.2d 681; Laudati v. Zoning Board of Review, 91 R.I. 116, 161 A.2d 198, 162 A. 2d 284.
Here there were several hearings held on this application. Seven witnesses testified. A letter from a responsible officer of a large naval installation which is located near the applicants' property was made part of the record. This communication cited the need for a facility such as was contemplated by the Krzaks. Testimony was also presented to show that the proposed use would not depreciate the surrounding property. It requires no extended discussion of the evidence to conclude that there was presented for the board's consideration competent evidence on which they could and did grant the application.
Failing in this position, petitioner maintains that upon the evidence presented to the board, a trailer, when it is affixed to an individual site in the applicants' proposed park, loses its identity as a trailer and becomes a one-family residence. This being so, he continues, such installations are in direct violation of all lot area, front, side, and rear yard requirements established for a one-family residence as these are set forth in the ordinance.
In support of this contention petitioner cites in his brief many cases, several of which we referred to in Lescault v. Zoning Board of Review, 91 R.I. 277, 162 A.2d 807. In Lescault, a house trailer's wheels had been removed prior to its being set in a foundation which was attached to the land, it was connected with electrical and water supplies, and its owner had installed a septic tank. We held there that the trailer in fact was one-family dwelling as that term was defined in the ordinance and its use conformed to the requirements of the ordinance.
In the instant case we must determine by examing the pertinent provisions of the zoning ordinance of North Kingstown if the applicants may conduct a trailer park. *111 While the record here is by no means clear as to the manner iin which the trailers are affixed to the land, it may be as petitioner contends that trailers lose their identity as trailers when they are set down on their respective sites. Such a determination, however, is not necessary for the disposition of this case and we make none.
It must be kept in mind that we are reviewing the actions of a zoning board of a municipality which has received specific authority from the legislature to allow the town to license and regulate trailer parks. This grant from the general assembly is reflected in sec. 12 of the zoning ordinance which permits, as a special exception, the location of a trailer park in a Business D district. The property of the applicants is located in such a district.
Section 8 of the zoning ordinance specifies the different uses permitted in a Business D district. While subsec. A thereof authorizes any use permitted in any of the residential districts, it also allows fifteen other uses including a printing plant, a motor vehicle salesroom and a motel. The only restriction in the matter of lot area, front, back or sideyard requirements for a Business D district is found in subsec. C of sec. 8 which reads as follows:
"Front Yard. In a Business D district any premises immediately adjoining a residential district shall have on the sides immediately adjoining such districts back or sideyard restrictions the same as those required in such adjoining district."
The record here shows that subsec. C is not applicable to the land which is the subject of the instant application. The lot area, front, side or back yard restrictions specifically set forth in the other sections of the ordinance relating to residence-zoned districts do not apply to a residence built in a district zoned for business purposes. Should a person wish to erect a residence in a Business D district, he would not have to comply with any of the lot restrictions unless his land adjoined a residential district as provided in subsec. C of sec. 8. To adopt the construction urged by petitioner would have us following the shadow not the substance of the law. It follows, therefore, that here the manner in which the trailers are affixed to the land is immaterial. There is no prohibition in the zoning ordinance as to the location of trailers on the land of the applicants.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court in the case are ordered returned to the respondent board with our decision endorsed thereon.