235 A.2d 665.

YOLANDE P. BILODEAU *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WOONSOCKET.

NOVEMBER 29, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This petition for certiorari was brought to review a decision of the zoning board of review of the city of Woonsocket granting an application for permission to erect an addition to a building used as a nursing home located on Greene street in that city.   The writ issued, and pursuant thereto the respondent board has returned the records in the case to this court.

On a prior occasion the application for permission to erect such an addition to the premises here under consideration was granted by the board of review of said city, and that decision was reviewed by this court on certiorari. See *Bilodeau* v. *Zoning Board of Review,* 101 R. I. 73, 220 A.2d 224. After hearing we concluded that we were unable to determine from the language of the decision of the respondent board granting permission to erect the addition whether it misconceived the test of entitlement to a variance and gave the permission to these applicants in order to secure to them a more beneficial use of the property than they were then enjoying. We noted there the necessity for establishing that a literal application of the terms of the pertinent ordinance would deprive the owners of all beneficial use in order to be so entitled. We, therefore, remanded the case to the respondent board with a direction that it give consideration to a clarification of the decision it had set out therein.

After our remand to the respondent board, the membership thereof changed, and the reconstituted board decided to hold a hearing de novo upon this application rather than to attempt to clarify the record of the prior hearing. At the conclusion of the de novo hearing, the board again granted the application for such use.

The rather voluminous record in this case discloses that the members of the board, in deliberating upon the application, discussed at some length the question whether this property could be converted to multi-residence uses within the limits of economic possibility, and the conclusion reached by at least four of the members is that such was not possible. The reasons given by the board for granting the variance were stated as follows:

> "Case hinges on testimony of real estate experts Goffart and Zifcak that the property cannot be used for any other purpose under the ordinance and applicants will be deprived of all beneficial use.

"Requirements of local and state ordinances will impose unnecessary hardship by depriving applicants of all beneficial use. Property cannot be used as a duplex or multi-family use under the ordinance insofar as this is an antiquated and old style building and cannot be converted to uses permitted in R-5 Residential District.

"Special conditions in this particular instance are such that they will result in unnecessary hardship on applicants and public convenience will be served; nursing home will not be contrary to public interests; Board must be fair and reasonable to neighborhood."

When the decision of the board is examined in the light of the discussion of its members concerning the evidence, it becomes clear that it intended to establish the unnecessary hardship entitling the applicants to a variance. It is equally clear that this conclusion was reached in reliance on the testimony adduced through two realtors who testified as expert witnesses and through an accountant who testified that he supervised the keeping of the financial records of the applicants. On the basis of this testimony, they concluded that a continuation of the present use of the building as a nursing home would be economically prohibitive.

It appears to us to be obvious also that the finding of unnecessary hardship was based on evidence adduced to prove that a conversion of the property to one of the other uses permitted in a Residence 5 District was similarly economically prohibitive. This was the evidence that the cost of converting the present building to multi-residence uses would be so great that amortization of the cost of conversion would require a rental charge per unit that would be far higher than that which could be commanded by such rental units in the neighborhood, in the opinion of the experts.

It is our opinion then that the record contains ample evidence upon which the board could rest its finding of unnecessary hardship. In these circumstances we are of the opin-

ion that the applicants have met the burden of adducing evidence from which the board could properly find unnecessary hardship and that the grant of the variance in the circumstances was not an abuse of discretion. The right to a variance, as we have so frequently said, depends upon a showing of unnecessary hardship, that phrase being construed to mean that a literal enforcement of the restrictions contained in the provisions of the ordinance would deprive an owner of all beneficial use of his land. *R-N-R Associates* v. *Zoning Board of Review,* 100 R. I. 7, 210 A.2d 653; *Tuite* v. *Zoning Board of Review,* 96 R. I. 307, 191 A.2d 155.

The petitioner argues vigorously that the grant of the variance in this case constituted an abuse of the board's discretion in that, in so doing, it exceeded the authority conferred on it in G. L. 1956, §45-24-19 (c). In support of this proposition she argues that the variance was granted on evidence that was probative only of the fact that a grant of the variance would permit the applicants to make a more profitable use of their property. Thus, she claims the board attempted to establish a standard for the grant of a variance other than the standards provided for in said §45-24-19 (c). With this argument we are unable to agree.

It is true that in the course of their deliberations on the application the board members made reference to matters in evidence that would not be reasonably susceptible of an inference that the applicants were being deprived of all beneficial use of their property by a literal enforcement of the terms of the ordinance. The petitioner overlooks the fact that evidence of substantial probative force was adduced from which, in our opinion, it was made to appear that attempts either to continue the present operation or to convert to multi-residence uses would be economically prohibitive. We have held that upon a showing of such circumstances, it is not an abuse of discretion for a board to find

a deprivation of all beneficial use. *School Committee* v. *Zoning Board of Review*, 86 R. I. 131, 133 A.2d 734.

The petitioner also argues that the board abused its discretion in granting this variance because the grant was based on a misconception or misunderstanding of the evidence adduced through certain of the expert witnesses. She directs our attention specifically to a disclosure in the record that certain members of the board commented on the evidence in such a manner as to indicate that they misconceived the thrust thereof. She claims that these witnesses in fact testified that the use of the property as a nursing home under the present limitations could have been continued at some profit and that a conversion of the premises to multi-residence uses could be accomplished although at considerable cost. She argues, as we understand her, that the proper inference to be drawn from this evidence is that the property could be put to a beneficial use without a grant of this variance and that, therefore, the board abused its discretion in granting the variance.

In our opinion, this raises the question as to whether the inferences drawn by the board from the evidence to which reference is made were reasonable or, stated otherwise, whether the evidence was reasonably susceptible of the inferences drawn therefrom by the board that a literal enforcement of the terms of the ordinance would deprive these applicants of all beneficial use of the property. We have repeatedly held that in reviewing decisions of zoning boards of review we will not weigh the evidence or go into questions of credibility of witnesses absent some compelling circumstances to so act. In *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, 161 A.2d 198, we said at page 123, 161 A.2d at 202, that where evidence on pertinent issues in zoning cases is in conflict, "* * * it is well settled that the question of the weight of the evidence was exclusively for the board. This court on certiorari in zoning cases involv-

ing review of a board's exercise of discretion ordinarily does not weigh the evidence." We then went on to point out that if there is some evidence to support the board's findings, we will not disturb them.

We think this principle is equally applicable to situations in which a question is raised as to the reasonableness of inferences drawn by the board from the evidence. So long as the evidence under consideration is reasonably susceptible of an inference drawn by the board of review therefrom, we will not disturb it, and, in our opinion, the inference that these applicants would suffer a loss of all beneficial use of their property in the circumstances is one that reasonably could be drawn from the evidence in question.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records which have been certified to this court are ordered sent back to the respondent board.

*Laurent C. Bilodeau,* for petitioner.

*Lewis Z. Lavine, M. Durkan Cannon,* Assistant City Solicitor, for respondent.