238 A.2d 764.

FRANCES E. REYNOLDS *et al. vs.*
BOARD OF REVIEW OF THE CITY OF NEWPORT.

MARCH 7, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for a writ of certiorari to review a decision of the respondent board denying the petitioners' application for a special exception which would have permitted the construction of a gasoline filling station. The writ issued and pursuant thereto the board has certi-

fied to us the record of its proceedings relating to the application.

It appears from the record that petitioners sought the board's approval so that a gasoline filling station could be built on land located at the southeastern corner of the intersection of Memorial Boulevard and Middleton avenue in Newport. This property is designated by the zoning ordinance as a business district. The ordinance also provides that a gasoline filling station in this district is a conditionally permitted use which is allowed by way of a special exception. Section 78-12 (C) (3) (c) of the ordinance states that the board shall not grant a special exception unless it finds that the proposed use "will·not tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics." The board conducted three separate hearings during which evidence was offered by the proponents and opponents of the application. Three members of the board voted to grant the application while two voted to deny it. The minority members gave as a reason for this action their belief that a gas station "* * * would definitely depreciate the value of the property in the neighborhood and would be otherwise detrimental to the neighborhood and its residents * * *." Since the application failed to receive the required 4/5ths approval of the board,[1] it was denied.

In our opinion the only contention raised by petitioners on this appeal worthy of our consideration is their argument that the decision of the minority board members should be disregarded because it is based exclusively on the testimony of a real estate expert who, some months previously, testified differently before the city council in support of an

---

[1]General Laws 1956, §45-24-19, provides that the concurring vote of four members of the board shall be required for any favorable action on an application such as the one filed with the zoning board by the petitioners.

amendment to the zoning ordinance which changed the subject property from a residential to a business district.

The two dissenting members of the board specifically stated that their findings were based upon the testimony of the real estate expert who had, at the express request of petitioners' counsel, testified earlier before the council in favor of a petition to rezone the subject property. We have scrutinized the record as it is pertinent to this expert's testimony and find no evidence that the witness ever gave an opinion to the council which contradicts his testimony before the zoning board. However, even if we were to assume that the testimony of the expert before the zoning board was inconsistent with remarks made by him at a prior appearance before the city council, any notable discrepancies in his statements would go to the weight and not the competency of the evidence. When considering an appeal from a zoning board's action pursuant to the provisions of §45-24-20, the supreme court does not weigh evidence for such a function is solely the prerogative of the board of review. *Gravin* v. *Zoning Board of Review,* 101 R. I. 138, 221 A.2d 109. There is in the record competent evidence to support the board's denial of the instant application.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the record certified is ordered returned to the respondent board with our decision endorsed thereon.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo,* for petitioners.

*James S. O'Brien,* City Solicitor, for respondent.