[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the court on appeal from a decision of the Zoning Board of Review of the City of Providence (the Board), which granted the plaintiffs, Susan and Joseph DiBattista, their application for a variance from Sections 41-A, 41-C-3, 41-C-4, and 26-A-4 of the Providence Zoning Code. This court's jurisdiction over this matter is pursuant to General Laws 1956 (1988 Reenactment) § 45-24-20.
The property in question is located at 24 Keene Street in Providence, Lot 488 on Assessor's Plat 10 in an R-1 single-family residential zone, and consists of approximately 6,900 square feet of land. There is one single-family home as well as a carriage house located on the subject property. Pursuant to the zoning ordinances of the City of Providence, there shall be no more than one main residential building and its accessory buildings on one lot. On May 15, 1987, the DiBattistas applied to the Providence Zoning Board in order to get a variance which would enable them to convert the second floor of the carriage house into a one-bedroom apartment. Public hearings were held before the Zoning Board on August 25, 1987 and November 10, 1987, at which three neighboring landowners voiced objections to the proposed conversion. After an examination of the evidence presented before it and a visit to the subject property, the Board issued Resolution No. 6572 granting the applicant's request for a variance. The plaintiffs then filed this appeal.
The jurisdiction of this court to review a decision rendered by the Providence Zoning Board is governed by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a Zoning Board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). Substantial evidence has generally been defined as more than a scintilla yet less than a preponderance. Id. at 824-825citing Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972). It has been further defined to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 825 citing Richardson v. Perales,402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971).
The appellants contend that the Zoning Board's decision to grant the variance should be set aside because of a lack of legally competent evidence. In particular, they allege that the evidence presented was not adequate to support the Zoning Board's finding that the applicants would suffer an "unnecessary hardship".
In Gara Realty v. Zoning Board of Review of SouthKingstown, 523 A.2d 855 (R.I. 1987) the Rhode Island Supreme Court set forth the requirements which an applicant must meet in order to obtain a variance. Our Supreme Court stated that to obtain a variance, the "unnecessary hardship" standard of G.L. 1956 (1980 Reenactment) § 45-29-19(c) must be satisfied. The same court has also held that an applicant must demonstrate that enforcement of a particular zoning regulation "will result in a total deprivation of all beneficial use of the subject property."Rozes v. Smith, 120 R.I. 515, 520, 388 A.2d 816, 819 (1978). Furthermore, the granting of the variance cannot be contrary to the public interest. Rhode Island Hospital Trust v. EastProvidence Zoning Board of Review, 444 A.2d 862, 864 (R.I. 1982).
A number of Rhode Island Supreme Court cases have discussed the meaning of "deprivation of all beneficial use." For instance, in Goodman v. Zoning Board of Review of Cranston, 105 R.I. 680,254 A.2d 743 (1969), the court stated that a landowner must demonstrate that "rigid insistence upon the property being devoted to a use permitted by the zoning regulations will deprive (him) of all beneficial use of his property and will therefore be confiscatory." Id. at 745, citing Bilodeau v. Zoning Boardof Review of Woonsocket, 103 R.I. 149, 235 A.2d 665 (1967).
In deciding upon this appeal, this court is aware that it must refrain from substituting its judgment for the judgment of the Zoning Board. Mendonsa v. Corey, 495 A.2d 257, 263 (R.I. 1985). In reviewing the Zoning Board's decision, the court is also mindful not to weigh the evidence but merely determine whether there is legally competent evidence which supports the Board's decision. Gravin v. Zoning Board of Review of NorthKingstown, 101 R.I. 138, 221 A.2d 109, 110 (1966). In this regard, if a Zoning Board acquires specific knowledge of probative factors by taking a view of the subject property and relates their resulting observations to the evidence adduced by the applicant, a decision denying the application will not be arbitrary. Goldstein v. Zoning Board of Review of City ofWarwick, 101 R.I. 728, 227 A.2d 195, 199 (1967). This same line of reasoning can ultimately be applied to the situation where the Zoning Board has granted a variance, as in the instant case.
In so doing, an examination of the entire record reveals that the Zoning Board's finding that a denial of the relief requested would create an undue hardship amounting to a loss of beneficial use of the property was proper. In particular, this court concludes that the Providence Zoning Board's granting of the variance is supported by the record as the applicants introduced probative evidence which satisfied the requisite burden of proof.See, e.g. Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984). So long as the evidence taken into consideration is reasonably susceptible of an inference by the Board that the applicants will suffer a loss of all beneficial use of their property, such inference will not be disturbed. Bilodeau, 235 A.2d at 667-68.
In granting the variance, the Zoning Board took note of the fact that the subject property is a two-story carriage house which is almost as large as the main house on the property. Resolution No. 6572 (Res.) at 1. Also noteworthy was the evidence of plumbing and electrical fixtures, indicating that the carriage house was used as accessory living quarters at one time. Id.
With this in mind, this court finds that renting the subject property as a one-bedroom apartment would be in keeping with the original purpose of the carriage house — housing for any live-in employees such as caretakers and chauffeurs. That is, this court is of the opinion that there is no effective difference whether the carriage house is occupied in exchange for services as in the past, or in exchange for rent, as is the proposed use.
Subsequent to having viewed the subject property, the Board found that the proposed use would be in harmony with the present scheme of the neighborhood. Res. at 2. Specifically, the Board noted the fact that there are three other multi-unit properties within a 100-foot radius of the subject property. Id. This factor apparently influenced the Board's finding that the relief requested would not substantially or permanently injure the appropriate use of neighboring property. The court agrees with this finding. The plaintiff's contention that the allowance of a variance in the instant case would cause further variances to be granted for similar uses is unpersuasive. The present set of facts are, in the opinion of this court, unique and therefore an onslaught of similar requests for variances with respect to carriage houses is not determinative of whether the present applicants are suffering an unnecessary hardship.
In light of the foregoing discussion of the issues presented in the case at bar, this court concludes that the decision of the Zoning Board was supported by substantial evidence. Thus, the November 10, 1987 decision of the Zoning Board of Review of Providence is affirmed.