[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Cumberland. The plaintiff here seeks reversal of the zoning board's November 13, 1991 decision denying its petition for a variance. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1991 Reenactment) §45-24-20.
On October 11, 1991, XYZ Realty Corporation (Plaintiff) filed an application for a variance with the Zoning Board of Review of the Town of Cumberland (Board). Plaintiff is the record owner of certain parcels of land in Cumberland, Rhode Island. The property, identified on Assessor's Plat 58 as lots 53, 88 and 89, consists of three lots located on Mendon Road in Cumberland. Lots 88 and 89 are zoned Residential-A Districts (R-A), which permit a list of uses, but specifically exclude any business use for the district. Lot 53 is zoned Business-A (B-A) on which a retail business is a permitted use. Plaintiff requests a variance from Article 1 Section 3 on lots 88 and 89 to allow a business use on those two lots. Plaintiff also requests a variance from Article 4 Section 2(d) and Article 3 Section 5 from parking and buffer regulations contained in the zoning ordinance.
A scheduled hearing was advertised and held before the board on November 13, 1991. At this meeting, the board heard testimony from three expert witnesses presented by the plaintiff. The first witness, a registered architect, testified to the topographical conditions present for the development of lots 88 and 89. A traffic consultant then testified to the traffic impact that the proposed variance would have on the thoroughfare. Finally, there was testimony from a real estate expert on the costs associated with preparing the property for development and the prohibitive nature of the expense under the present R-A zoning. The witnesses were questioned by plaintiff's counsel, the board and citizens present at the meeting. In addition, several neighboring land owners spoke in opposition to the proposed variance.
After hearing all the evidence, each member expressed his or her reason for deciding to deny the variance. The board then unanimously voted to deny the plaintiff's petition for a variance on lots 88, 89 and 53. The plaintiff filed a timely appeal requesting this Court to reverse the Board's decision and grant the request for a variance.
The jurisdiction of this court to review the decision of the board is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d) which provides as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the boards decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi; 120 R.I. 501, 388 A.2d 821 (1978). Substantial evidence has been defined innumerable times as more than a scintilla but less than a preponderance. Id. at 508, 388 A.2d at 825. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. at 508, 388 A.2d at 826.
The plaintiff contends that the board's denial of its application for a variance be reversed because the decision is clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or is arbitrary or capricious or characterized by abuse of discretion. The plaintiff further contends that the board's decision constituted an unconstitutional taking under Article 1 Section 16 of the Rhode Island Constitution and the Fifth Amendment of the United States Constitution.
It is well settled that to obtain a variance from a permitted use of property, a landowner must prove that, "rigid insistence upon the property being devoted to a use permitted by the zoning regulations will deprive [the plaintiff] of all beneficial use of his property and will therefore be confiscatory." Goodman v.Zoning Board of Review of Cranston, 105 R.I. 680, 683,254 A.2d 743, 745 (1969) (citing Bilodeau v. Zoning Board of Review,103 R.I. 149, 235 A.2d 665 (1967)). This rule demonstrates that "unnecessary hardship" as defined in G.L. 1956 (1991 Reenactment) § 45-24-19(c) "exists only when all beneficial use has been lost and the grant of a variance becomes necessary to avoid indirect confiscation." Rhode Island Hospital Trust National Bank v. EastProvidence Board of Review, 444 A.2d 862, 864 (R.I. 1982) (citingDenton v. Zoning Board of Review of Warwick, 86 R.I. 219, 221,133 A.2d 718, 719 (1957)); DeStefano v. Zoning Board of Reviewof Warren, 405 A.2d 1167, 1170 (R.I. 1979).
There are essentially two different matters before the court in this case. The first being the denial of a variance for lots 88 and 89 to allow a business and the second being the denial of a variance for lot 53 from parking and buffer regulations. The denial of a variance for lots 88 and 89 by the board will be discussed in its entirety and then the second issue will be addressed separately.
An examination of the whole record reveals that the plaintiff has not demonstrated a deprivation of all beneficial use of the lots 88 and 89. At the hearing, plaintiff presented a registered architect who testified to the high cost of removing the ledge from the property and the undesirability of building a residential homes on the lots (Tr. at 15). However, during the same direct testimony, he also admitted to the possibility of building a house on the lots. (Tr. at 15). Under cross examination, the expert witness further testified that the amount submitted to the board for ledge removal was for a commercial project was $115,000 and the cost to build a single family were there would be approximately 50 percent of that amount. (Tr. at 21). No study of the cost of ledge removal to build a single home was ever presented.
After hearing from a traffic expert, the plaintiff offered a real estate expert to testify to the irregular site conditions and the unsuitability of the site as it is presently zoned. (Tr. at 73). Throughout his testimony, he gave his opinion regarding the economic unfeasibility of the construction of single family homes on the two lots. The expert's opinion was based upon the value of lots which were recently sold in the area and the estimate of ledge removal for the entire parcel for a commercial site (Tr. at 80). However, the expert provided no specific figures for the projected cost of a single family home project on each lot. In Gaglione v. Dimuro, the court found that a report containing the opinion that a single family home upon certain property would be "economically unfeasible" and which report lacked any specific financial information demonstrating that the present return on the parcel reflects a confiscation taking by the city through enforcement of its zoning classification," could not be considered probative evidence. 478 A.2d 573 (R.I. 1984). Members of the board in their conclusions properly expressed the fact that no substantial evidence was presented to show that the lots as presently zoned would cause the plaintiff unnecessary hardship to warrant the issuance of a variance.
The record indicates that the plaintiff has not carried its burden of demonstrating on unnecessary hardship. Case law clearly distinguishes undue hardship from "a more profitable use." Vicanv. Zoning Board of Review of the City of Providence,103 R.I. 429, 433, 238 A.2d 365 (1968); or "a personal inconvenience"Gartsu v. Zoning Board of Review of the City of Woonsocket,104 R.I. 719, 721, 248 A.2d 597 (1968); or even "serious financial hardship," Rhode Island Hospital Trust National Bank,444 A.2d 862 (R.I. 1982). The record reflects that the ledge present on lots 88 and 89 falls within the above categories. The plaintiff's real estate expert testified that homes in the immediate vicinity were built upon ledge (Tr. at 90-92) and plaintiff's architect testified that it is possible to build a home on each lot. (Tr. at 15). There is also extensive testimony as to the cost to develop a commercial site but there is no evidence that the cost of using the property for the permitted use is so prohibitive that it would in effect amount to a deprivation of all beneficial use. Essentially, the board was presented with evidence that the plaintiff was being deprived of the most profitable use of the laws as zoned.
Unnecessary hardship exists only when all beneficial use has been lost and the grant of a variance becomes necessary to avoid an indirect confiscation. Denton, 86 R.I. 219, 221,133 A.2d 718 (1957). The evidence in the record demonstrates that the present R-A zoning does not deprive plaintiff of all beneficial use of its property. Accordingly, this court finds that the decision of the zoning board is supported by reliable, probative and substantial evidence of the whole record and is not clearly erroneous. Also, the decision of the boards was not arbitrary, capricious or characterized by an abuse of discretion.
The record further reflects that the present R-A zoning and the decision of the board not to grant a variance does not amount to an unconstitutional taking under the Rhode Island or United States Constitutions. Rhode Island has recognized that a zoning ordinance which deprives an owner of all beneficial use of his property is confiscatory and requires compensation. Milardo v.Coastal Resources Management Council of Rhode Island,434 A.2d 266, 268 (1981). The record reveals that the present R-A zoning does not deprive plaintiff of all beneficial use of its property and therefore, does not amount to a confiscation by the zoning board.
The second issue before this court is the denial of a variance for a reduction in a buffer zone on lot 53. To obtain a variance from a buffer zone regulation, a landowner need only demonstrate an adverse impact amounting to more than a mere inconvenience. Viti v. Zoning Board of Review of Providence,92 R.I. 59, 166 A.2d 211 (1960). Where full compliance with set back provisions will adversely affect landowner's right to the full enjoyment of a permitted use, that landowner is entitled to a variance as a matter of law. Westminster Corporation v. ZoningBoard of Review of the City of Providence, 103 R.I. 381,238 A.2d 353 (1968).
The court agrees with the plaintiff's argument that there is ample evidence in the record to support the granting of a Viti variance with respect to lot 53. The traffic consultant testified that there would not be an adequate amount of parking for the proposed commercial development. The evidence reveals that this would cause the plaintiff more than a mere inconvenience if the commercial development was allowed. However, the plaintiff's requested variances are dependent upon one another. Since this court finds that the board's decision to deny the variance as to lots 88 and 89 was proper, the issue of the variance with respect to lot 53 is moot and the decision of the board to deny the variance was correct.
After review, the court finds that the decision of the zoning board is neither clearly erroneous in view of the evidence nor arbitrary or capricious but in fact was based upon evidence found in the whole record. Accordingly, the decision of the Zoning Board of Review of the City of Cumberland is affirmed.