DECISION
The Appellant, Beachfront, LLC ("Appellant"), challenges the validity of the Zoning Board of Review of the Town of Middletown ("Board") decision granting Petros Kyriakides and Charalambos Kyriakides ("Appellees") an extension for their special use permit and variance. Jurisdiction is pursuant to R.I.G.L. §45-24-69.
 FACTS AND TRAVEL
The Appellees are owners of property located in the Town of Middletown and identified as Lot 49 on Tax Assessor's Plat 116NW. The subject property is the location of Johnny's Atlantic Beach, Club, a Rhode Island corporation. The Appellant owns and manages a hotel and restaurant which abuts Johnny's Atlantic Beach Club.
Seeking to improve the subject property, Appellees, as principals of Johnny's Atlantic Beach, Inc., applied for a Special Use Permit and a Variance with the Middletown Zoning Board of Review to expand the facilities at Johnny's Atlantic Beach Club. Specifically, Appellees requested a special use permit to construct a new second floor banquet facility and kitchen. In addition, the Appellees also requested a dimensional variance regarding sidewalk setbacks. Under the current zoning ordinance for the Town of Middletown, such construction would be prohibited unless a property owner avails himself or herself of the town's specific relief measures, namely the special use permit or the variance.
Board heard Appellees' petitions for relief on May 21, 1998, and issued a decision granting Appellees a special use permit and a variance on or about October 28, 1998 ("Initial Decision"). Per Section 906 of the Middletown Zoning Ordinance, a special use permit or variance will expire within one year if the applicant fails to exercise the permission granted or receive a building permit. Because Appellees failed to fulfill neither of the two aforementioned conditions, they requested a one- year extension of the previously granted relief. On or about October 19, 1999, the Board granted the Appellees' requested extension and extended the initial grant of the special use permit and variance by one more year.
Displeased with the Board's decision to grant an extension to the Appellee, Appellant appealed the Board's extension decision to this Court. On appeal, Appellant argued that it did not receive proper notice of the extension request. In C.A. 99-0464, Thunberg, J., this Court remanded the case to the Middletown Zoning Board with orders to conduct a new hearing on the extension request and to provide Appellant with adequate legal notice. On January 25, 2000, the Board held a hearing on Appellees' requested extension and on February 23, 2000 issued a decision which granted Appellees a one-year extension of their previously granted relief ("Extension Decision"). This timely appeal followed.
 The Extension Decision
The Appellant argues that the Appellees failed to demonstrate good cause as to why they should be entitled to an extension of their special use and regulatory variance. The Appellees contend that they did in fact demonstrate good cause to the satisfaction of the Zoning Board. The Appellees point to several setbacks which precluded them from utilizing their requested relief. First, Appellees state that due to the close proximity of their subject property to the waters of Narragansett Bay, they were required to submit permit plans to both the Rhode Island Department of Environmental Management ("RIDEM") and to the Coastal Resource Management Council ("CRMC"). This permitting process was lengthy and time consuming. As a result, Appellees were unable to request a building permit from the Middletown Building Inspector until they had secured the requisite approval from both RIDEM and CRMC. In addition to their permit woes, the Appellees' longtime engineer, Warren F. Hall, P.E., resigned from the project and became the Town Engineer for the Town of Middletown. This conflict of interest, appellees maintain, prohibited Mr. Hall's future involvement with the Appellees, and Appellees were forced to secure new engineers.
 STANDARD OF REVIEW
Appellant has invoked this Court's appellate jurisdiction pursuant to R.I.G.L. § 45-24- 69(D), which provides in pertinent part that
(D) The court shall not substitute its judgment for that of the zoning board of review as the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
(1) In violation of constitutional, statutory, or ordinance provisions;
(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing the decision of a zoning board of review, this Court must examine the entire certified record to determine whether substantial evidence exists to support the findings of the zoning board of review. Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245,405 A.2d 1167, 1170 (1979). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257, 260 (R.I. 1985) (quoting Apostolou v. Genovesi,120 R.I. 501, 509, 388 A.2d 821, 825 (1978)).
Section 906 of the Middletown Zoning Ordinance provides the threshold that an applicant must cross in order to obtain an extension of his/her special-use permit or variance. An applicant must show "good cause" why his/her previously granted relief should be extended for another year. "`Good cause' is a legally sufficient ground or reason." Bidwell v. McSorley,72 S.E.2d 245, 249 (Va. 1952). The Appellees demonstrated good cause to the satisfaction of the Board. Development proximate to our State's beaches and coastlines necessarily involves approval from RIDEM and CRMC. The record demonstrates that this approval process prohibited Appellees from exercising their granted relief. Furthermore, once Mr. Hill came under the employ of the Town of Middletown as the new Town Engineer, a conflict of interest arose. Therefore, Appellees demonstrated to the Board that they had no other legal recourse than to hire and secure a new project engineer, further delaying the project.
The Appellant also avers that the Middletown Zoning Board of Review erred in its decision granting Appellees a one-year extension on their special use permit and variance. However, Appellant has failed to limn an error committed by the Board. Section 906 of the Middletown Zoning Ordinance empowers the Board to grant extensions. Where the evidence shows that the circumstances which warranted the granting of a temporary variance have not changed, it is an abuse of discretion for a board of review to refuse to renew the variance. Madden v. Zoning Board of Review, 151 A.2d 681, 683 (R.I. 1959). Here, due to the absence of "changed circumstances," the Zoning Board was compelled to grant an extension to the Appellees. Id. Therefore, the Board's grant of the extension did not constitute an abuse of discretion. The Court finds that there is substantial evidence in the record supporting the decision of the Middletown Zoning Board of Review and that the Board did not abuse its discretion when it determined that Appellees had satisfactorily demonstrated the requisite good cause.
 The Building Permit
After securing an extension of the special use permit and the variance, Appellees applied for the requisite building permit in order to commence construction on the proposed banquet facilities. The Appellant avers that the Appellees' submitted building permit stands in direct contravention to the particular requirements of the Board's extended special use permit and variance. Specifically, Appellant argues that the special use permit and variance allow for only 250 persons in the proposed second floor banquet facility while Appellees' building permit states an intended use for 350 persons. According to Appellant, the Zoning Board should have denied the extension request on the basis of this discrepancy. Alternatively, Appellees contend that the Board conditioned their special use permit and variance on a maximum capacity of 250 persons in the banquet facility. The Appellees argue further that this condition and not their building permit mandates that their facility hold only 250 people.
As the Court has already stated, the Zoning Board did not abuse its discretion when it authorized the extension for one more year of the special-use permit and variance limited to 250 people. Properly before this Court is the decision of the Board granting that extension. Any permit hereinafter issued must correspond with the definite and particular confines of said special use permit and variance. " ' [W]hen presented with [an] application for a building permit, the building inspector ha[s] no authority whatsoever other than to determine that the proposed construction conform[ed] precisely to the terms of the pertinent provisions of the zoning ordinance.'" Town of Johnston v. Pezza et al,723 A.2d 278, 284 (R.I. 1999) quoting Zeilstra v. Barrington Zoning Board of Review, 417 A.2d 303, 308 (R.I. 1980). Whether the building inspector exceeded the limits of his authority by issuing the permit was not appealed to the Board pursuant to sec. 45-24-57.
After review of the entire record, the Court here affirms the Board's February 23, 2000 decision to grant an extension of the special exception and variance relief granted on October 28, 1998, which permitted a 250 person capacity. The Board's decision to extend that relief was not arbitrary, capricious, or characterized by an abuse of discretion. Accordingly, any building permit issued pursuant to that decision must reflect what the Board in essence authorized: "a 250 person function room facility."
(Ex. B, Board's October 28, 1998 decision at 4; Tr. at 34).
Counsel shall submit the appropriate judgment for entry.