201 A.2d 153 (1964)
CARTER CORPORATION et al.
v.
ZONING BOARD OF REVIEW OF the TOWN OF LINCOLN.
M.P. No. 1624.
Supreme Court of Rhode Island.
June 8, 1964.
William R. Goldberg, Ronald R Gagnon, Pawtucket, for petitioners.
*154 Harry W. Asquith, Town Solicitor for Town of Lincoln, for respondent.
CONDON, Chief Justice.
This is a petition for certiorari to review the action of the zoning board of review of the town of Lincoln in denying the petitioners' application for a variance from the zoning ordinance to erect a gasoline service station in a residential zone. We issued the writ and in compliance therewith the board has made due return of all its records and papers pertaining to its proceedings in the matter.
It appears from the return that petitioner Carter Corporation is the owner of lot 411 on assessors' plat 6 and has contracted to sell a portion to petitioners Roland Wilson and Barbara Wilson, husband and wife, and Donald Wilson and Ruth Wilson, husband and wife, who if permission therefor is obtained propose to conduct on the premises a general gasoline service operation, including light repairs but no fender work. The lot is situated at the northeast corner of Smithfield and Higginson avenues in an RG-7 district zoned for general residence purposes and certain other enumerated uses by special permission among which a gasoline service station is not included.
The premises are bounded westerly on Smithfield avenue 133.22 feet, southerly on Higginson avenue 115.40 feet, northerly by Chestnut street 76 feet, and easterly by other land 200 feet. The tract is entirely unimproved and comprises an area of 24,630 square feet. Smithfield and Higginson avenues are main highways which intersect in a T intersection. Smithfield avenue runs generally north and south and Higginson east and west. From Smithfield avenue easterly along Higginson avenue is an industrial park containing a number of commercial and industrial establishments the names of which appear on a directional signpost at the junction of the two avenues and directly opposite the premises here in question.
North of the intersection along Smithfield avenue the development is predominantly residential, but to the south for a considerable distance it is devoted to various commercial uses among which are two gasoline service stations. The development along Higginson avenue immediately east of such premises is exclusively industrial and commercial. It would appear from the record that such development was in accord with the intent in laying out that highway as an access artery from Smithfield avenue to the industrial park. It seems from the contentions of petitioners generally in support of their application for a variance from the residential restrictions that the realization of such intent has radically altered the character of the uses reasonably adaptable to land situated at the intersection of Smithfield and Higginson avenues and in such proximity to the present and future development of the industrial park.
They contend that in the light of this situation a literal enforcement of the ordinance will have the inevitable result of depriving the owner of all beneficial use of its land. In support of such contention petitioners rely upon the evidence before the board, which they say is uncontradicted, that the lot is wholly unsuitable for residential purposes. They further urge that such evidence clearly demonstrates that the board's denial of a variance is an arbitrary abuse of its discretion, burdens them with an unnecessary hardship, and thereby deprives them of due process of law.
From our perusal of the transcript and our examination of the photographic exhibits we are of the opinion that there is merit in petitioners' contention. The evidence clearly shows that there has been, and apparently is continuing, a radical transformation in the character of the land at this intersection in so far at least as to its present adaptability and suitability for residential development.
On this question petitioners presented a real estate expert. Paul W. Carter, who *155 testified positively that the lot had no value for such purpose. He expressed the opinion that "it would be almost nill." When asked for a reason for that opinion he said: "Because of the nature of the neighborhood here, especially Higginson Avenue with the traffic on it. It is becoming commercial in nature. It is spreading over and anyone going in here for residential purposes, I just can't see it. From experience when it gets to this point, when commercial is creeping as it has on Smithfield Avenue, individuals do not go in and build homes so close." As a further basis for his opinion, when he was interrogated by the chairman of this board he testified: "I said that it is zoned RG-7 which limits you to one or two-family homes, I believe. I cannot in all the experience I have had, brokerage and appraising, I cannot see a prudent purchaser coming in here to build either a one or two-family home right on this particular land with the traffic and the nature of that neighborhood."
Counsel for the board argues that it did not give weight to Mr. Carter's opinion and therefore we should not consider it since to do so would be to weigh the evidence contrary to Hazen v. Zoning Board of Review, 90 R.I. 108, 155 A.2d 333, and Laudati v. Zoning Board of Review, 91 R.I. 116, 161 A.2d 198, 162 A.2d 284. This is a misconception of the real situation presented by the testimony on the question whether the lot is suitable for residential purposes. From our examination of the transcript we agree with petitioners that the only testimony on that point is that given by Mr. Carter. There is nothing in the transcript tending to impeach his credibility or to furnish a basis for otherwise discrediting his uncontradicted testimony. Moreover, nowhere in the board's decision is there any indication that it rested on such ground. In the circumstances there is no evidence in the record upon which it could base its finding that petitioners have "failed to prove that the enforcement of the ordinance would result in an unnecessary hardship * * *."
Since on our view the only evidence befoe the board tended to prove the countrary, its decision is in our opinion an arbitrary abuse of discretion and must therefore be reversed. However, on the further question of granting petitioners' request for an exception from the rear-yard depth requirements of the ordinance we express no opinion at this time since the board did not pass upon such request in view of its decision denying the variance. Therefore the cause must be remanded to afford it an opportunity to exercise its original jurisdiction on such request for further relief from the ordinance.
The petition for certiorari is granted and the decision of the board is reversed in so far as it denies the application for a variance, but as to the application for an exception from the rear-yard depth requirements the records and papers certified to this court are returned to the board with instructions to reconsider it in accordance with this opinion.
PAOLINO, J., not participating.