207 A.2d 42.

Anna H. Klowan *vs.* Zoning Board of Review
of the Town of Cumberland.

FEBRUARY 8, 1965.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Joslin, J. This is a petition for certiorari to review the decision of the respondent zoning board denying the petitioner's application for an exception or variance to conduct a retail ice cream, sandwich and coffee shop in a building proposed to be constructed on a parcel of land zoned Residence A-A. The writ issued and pursuant thereto the pertinent records have been certified to this court.

It appears therefrom that petitioner is the owner of a large tract of land located on the easterly side of Diamond Hill Road. The application is directed to a portion thereof which fronts approximately 205 feet on that highway and

of 200 feet. In the neighborhood, which is predominantly residential, are several tracts devoted to commercial uses, holding that width, extends easterly therefrom a distance all but two of which, however, are either non-conforming or permitted in a Residence A-A district. Those two are a ski shop and a beauty parlor, the latter being located in a residence. The petitioner's land presently is and, since prior to the enactment of the zoning ordinance, has been used for agricultural purposes.

The rules and standards which govern a zoning board in the exercise of its authority to pass on applications for exceptions are required under the enabling legislation to be defined by the local legislature. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108. They may vary in the different municipalities so long as conformable to the enabling legislation. The limitations fixed therein are the guideposts within which a zoning board may exercise its authority and constitute in effect conditions precedent to affirmative action. All of the conditions prescribed must be satisfied before an application for an exception may be granted. *Kraemer* v. *Zoning Board of Review*, 98 R. I. 328, 201 A.2d 643; *Fitzgerald* v. *Board of Review*, 99 R. I. 221.

Article 9 of the Cumberland zoning ordinance in relevant portion limits the board in the exercise of its power to grant exceptions to those cases "When in its judgment, the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured * * *." Further standards are found in subparagraph 3 of art. 9 which authorizes the approval in any district of an application for any use or building which the board finds:

"(a) to be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare, or the public health;

"(b) where such use or building is reasonably necessary for the convenience or welfare of the public."

To justify entitlement to the exception sought, the burden was on petitioner to satisfy all of the prescribed standards and to establish the existence of all of the conditions precedent. *Caldarone* v. *Zoning Board of Review,* 95 R. I. 485, 187 A.2d 924. The petitioner did not satisfy these obligations. Indeed, the board in its decision denying the application negated at least two of the conditions precedent, finding that "the establishment of this facility in this area would devaluate the value of the surrounding premises and that the erection and maintenance of such a facility in that area is not in harmony with the general character of the neighborhood." The evidence in support of those findings, which ordinarily we do not weigh, came from realtors who testified that "the erection of an ice cream parlor would substantially and permanently damage the values in that area" and that the proposed establishment would not be in conformity with structures in the neighborhood. All of the conditions precedent not having been satisfied, the board was powerless to act affirmatively on the application for an exception. *Hazen* v. *Zoning Board of Review, supra.*

The petitioner has not argued that the board abused its discretion in denying her application for a variance. She apparently recognizes that the record is barren of any evidence which would support such a grant.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered sent back to the respondent board with our decision endorsed thereon.

*William R. Goldberg, Ronald R. Gagnon,* for petitioner.

*Frank O. Lind, Jr.,* Town Solicitor, for respondent.