227 A.2d 195.

NORTON H. GOLDSTEIN *et al. d/b/a* TIMES DEVELOPMENT COMPANY *vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

MARCH 9, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for certiorari to review the action of the respondent board of review denying the petitioners' application for an exception or variance from the terms of the zoning ordinance. The writ issued and in compliance with its mandate the respondent board duly certified the records in the cause to this court for our examination.

It appears therefrom that petitioners are the owners of a parcel of land designated as lot 92 on assessor's plat 271 which contains approximately 32,000 square feet. The land fronts on the easterly side of Greenwich avenue for 171.71 feet and is irregular in shape. It is bounded on the north by Jewett street and on the south by a Howard Johnson restaurant. Directly across Greenwich avenue is a large Apex shopping complex and the state is constructing a center island on Greenwich avenue as a result of its relocation of East avenue to empty traffic off route 95, which traffic will converge at the junction of East, Main and Greenwich avenues to the south of the subject property. There is presently located a vacant house and garage on the front portion of the lot which is zoned residence A7.

The petitioners proposed to remove said house and garage to the rear portion of the lot so as to maintain the residential character of that portion and thus establish a buffer zone. The relief sought by way of a special exception, however, was to construct a gasoline service station fronting on said Greenwich avenue, dedicating 21,128 square feet to that use.

After the application was duly advertised and a public hearing held, three members of the board voted to grant the application while two members voted to deny it. As four members of the board voting to grant the application are required by the provisions of G. L. 1956, §45-24-19, the board notified petitioners that their application had been denied without stating the reasons for the action of those voting either in the affirmative or negative.

The petitioners contend that in light of the evidence adduced the action of the board was arbitrary, constituted an abuse of discretion and on the state of the record before us should be reversed, subject to such appropriate conditions and safeguards as the board may determine to be necessary. In support thereof they cite *Robinson* v. *Town Council*, 60 R. I. 422, *Winters* v. *Zoning Board of Review*, 80 R. I. 275, and *Thomson Methodist Church* v. *Zoning Board of Review*, 99 R. I. 675, 210 A.2d 138.

We think there is merit in this contention. This court has had occasion in the past to point out that by its very nature zoning interferes with and restricts the right of a property owner to devote his property to uses that would be proper at common law. *City of Providence* v. *Stephens*, 47 R. I. 387. Nevertheless, such interference and restrictions will be countenanced if the legislation or regulations out of which they arise constitute a valid exercise of the police power in that they tend to promote the public health, safety, morals and general welfare. *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26.

However a limitation on the use of property which is not reasonably related to the public health, safety, morals and general welfare is confiscation and in violation of art. XIV of amendments to the United States constitution and represents a taking of private property for public use without just compensation in violation of art. I, §16, of the Rhode Island constitution. *City of Providence* v. *Stephens, supra.*

So, too, in the application of a zoning ordinance to a particular piece of property there should be no confiscatory deprivation of the property owner's right to a desired use valid at common law, and it was for the purpose of avoiding an unnecessarily harsh restriction that the general enabling act made provisions for variances while ordinances adopted pursuant thereto made provisions for special exceptions.

In the instant cause petitioners applied for either a variance under the enabling act as reiterated in §14.2.2 of the city ordinance or for a special exception as provided by §14.2.3 of said ordinance. This latter provision reads: "In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this ordinance where the exception is reasonably necessary for the convenience and welfare of the public."

At the hearing petitioners offered in evidence five documents consisting of the following:

1 Typographic study of Lot 92 and Assessor's Plat 271.
2 Photograph of Greenwich Avenue in front of subject property.
3 Rendering showing exact construction of service station proposed.
4 Copy of Interstate Route 95 street layout plan and traffic plan adopted by R. I. Department of Public Works, Division of Roads and Bridges.
5 Letter 5/13/66 to Charles Butterfield, Jr., from New England Insurance Rating Association signed by Divisional Manager.

They buttressed such documents with the expert testimony of three witnesses, a representative of Mobil Oil Cor-

732

.poration, a real estate expert and a city of Providence traffic engineer.

The documentary evidence and testimony tended to prove the commercial nature of the surrounding property, the flow of traffic on Greenwich avenue from Warwick to Cranston as it will be affected by the highway construction to be undertaken by the state, the obvious convenience to the traveling public both in access to service as well as alleviating traffic congestion, the fact that there would be no lessening of values or injury to neighboring properties and the undesirability of the lot in question for residential purposes in light of the surrounding general businesses.

This latter factor was testified to by the real estate expert and in addition petitioner Forbes testified that attempts to dispose of the property as residential proved fruitless.

Against the imposing record of probative evidence adduced by petitioners, objections to the granting of the application were offered by five remonstrants, four of whom testified. All appear to be residents of the neighborhood and based their objections on the usual grounds that they did not think a gasoline service station was necessary; that the proposed use would depreciate the value of their property; that the resulting noise would disturb the neighborhood; and that automobiles moving in and out of the station would constitute a hazard.

We have heretofore held, however, that testimony by nonexpert witnesses that erection of a gasoline station on a street corner would depreciate neighborhood property and that an increasing flow of traffic would result in such congestion as to be a hazard are lay judgments, lacking in expertise and therefore without probative force. *Thomson Methodist Church* v. *Zoning Board of Review, supra.*

There was therefore no competent evidence to offset that offered by petitioners' experts in support of the special exception and for this reason the denial of the application

was arbitrary and an abuse of the discretion with which the board is vested. In such circumstances this court, pursuant to the provisions of §45-24-20, will reverse the board's decision and order that the exception be granted subject to such appropriate conditions and safeguards as the board shall deem necessary. See *Harrison* v. *Hopkins*, 48 R. I. 42, and *Regnier* v. *City Council*, 91 R. I. 387.

This is not to say, however, that affirmative relief must necessarily be granted where an applicant for a special exception has made out a prima facie case and remonstrants fail to appear, or, appearing, fail to offer competent evidence. The board may take into consideration probative factors within their knowledge in denying the relief sought and their decision will not be disturbed if disclosed therein are the conditions by which they were motivated. See *Heffernan, supra*. Further, if possessing no such knowledge the board may subsequently acquire it by taking a view and relating their resulting observations to the evidence adduced by the applicant in the reasons for their decision. If the observations thus set forth are probative a decision denying the application will not be arbitrary nor disturbed by us. *Bloch* v. *Zoning Board of Review*, 94 R. I. 419. In the instant cause, however, the board gave no reasons for their decision and in such cases our decisions must necessarily reflect the record as we find it, uninfluenced by factors which may have been known to the board but of which we have no knowledge. See *Petrarca* v. *Zoning Board of Review*, 78 R. I. 130, 133.

The petition for certiorari is granted, the decision of the board is reversed and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon for the fixing of such appropriate safeguards and conditions as may be reasonably necessary, if any, as well as for such further action in accordance with this opinion as may be appropriate.

*Charles Butterfield, Jr.,* for petitioners.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent board.