DECISION
This is an appeal from a decision of the Zoning Board of Review of Providence (Board). The appellant G. Dale Dulgarian, in his capacity as Trustee of the Krikor S. Dulgarian Trust of December 22, 1960 (Dulgarian) is appealing the Board's June 16, 1997 decision granting David F. Shwaery's and Gerard P. Hammel's (collectively, the Applicants) petition for a special use permit to convert a single-family dwelling to a two-family dwelling in a "R3" residential zone. Jurisdiction is pursuant to R.I.G.L. 1956, § 45-24-69.
 FACTS/TRAVEL
The property at issue is located at 14 Euclid Avenue. Mr. Dulgarian is an aggrieved party. R.I.G.L. 1956 § 45-24-31
(4). Mr. Dulgarian, in his capacity as Trustee, owns commercial property located at 252-258 and 260-268 Thayer Street within a two hundred foot radius of applicants' property.
The property is identified as Assessor's Plat 13, Lot 236, improved with a two and one half story wood-framed structure.
Currently a single-family dwelling, the applicants sought a "special use permit special exception" under Providence Zoning Ordinance, Section 419.7 to convert the property to a two-family dwelling, on an "undersized" lot, meaning under four thousand (4,000) square feet of land "provided the lot . . . have a width of at least thirty-five (35) feet and an area of at least three thousand two hundred (3,200)."
The property sits on a lot consisting of three thousand two hundred ninety (3,290) square feet and forty-seven (47) feet of frontage on Euclid Avenue. At a properly advertised hearing, the Board considered the application on May 6, 1997.
The transcript of the hearing reveals that one of the applicants testified their intent was to convert the property from an existing one-family dwelling containing five bedrooms into a two-family residence. (tr. at 2). The applicants also provided testimony from Thomas S. Andolfo, MAI, accepted by the Board to be an expert "in real estate matters." (Pet. memorandum of law p. 3; tr. at 2). Andolfo provided to the Board a written summary of the proposed changes and its resulting impact on the surrounding area. He testified as to the reports contents orally. He testified that the subject lot contains 3,290 square feet, however, unless the petition were approved would require a minimum of 3,300 square feet. (tr. at 3). He further testified that all of the proposed work would be interior and that no exterior enlargement would take place. (tr. at 3). Andolfo additionally testified, in his opinion, if the relief were granted it would not adversely affect surrounding neighbor's property value. (tr. at 4).
The applicant also provided the testimony from Paul Bannon, accepted by the Board to be an expert in traffic engineering (tr. at 6). Bannon testified, in his opinion, granting the requested relief would not have a negative impact on the welfare and safety of local residents. (tr. at 7).
Mr. Dulgarian was the only witness who testified in opposition to the proposed special use permit. Mr. Dulgarian did not ask that he be accepted as an expert witness qualified to offer an opinion on relevant matters before the Board. Mr. Dulgarian testified that, as one of the applicants is the owner of an "oversized" adjoining parcel of property (Plat 13, Lot 48) he, rather than seeking the requested relief, should transfer to the subject lot the additional area. (tr. at 9). Mr. Dulgarian further testified that he was concerned about the possible number of individuals who may occupy the property, as well as, vehicles that may park at the property if the relief were granted. (tr. at 9-10)
The Department of Planning and Development recommended that special use permit be denied on the grounds that the proliferation of student rooming housing on streets near Thayer Street is detrimental to the general health or welfare of the community.
On June 16, 1997, after deliberation, the Board granted the Applicant's special use permit allowing the expansion of the use of the building from a one-family to a two family dwelling. (Resolution No. 8057.)
 STANDARD OF REVIEW
The Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) Section 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the boards decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount, more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunals findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO. Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
 ARGUMENT
Mr. Dulgarian argues the ". . . findings of fact are not supported by the evidence, and inferences and conclusions based upon said findings." (Petitioner's Memorandum p. 2). The gravamen of Mr. Dulgarian's argument before the Board and to this Court on appeal can be summarized in the following statement "(I)f the Board's Resolution is allowed to stand, notwithstanding the lack of evidence to support it, six unrelated persons (rather than three) will be permitted to occupy the house, the number of automobiles likely to be operated by said occupants could also double in number." (Petitioner's Memorandum p. 2).
Mr. Dulgarian takes the opportunity to place before this Court arguments ((1) that the adjoining commercial property was zoned residential until 1993 when amended by the City Council "presumably at the urging of applicants." [Pet. Memorandum p. 3]; (2) there was no evidence of the steps Andolfo took to support the statement of "the lack of negative effects to neighboring property . . ." if the application were granted [Pet. Memorandum p. 5]) which were not put before the Board. He further argues that the opinion of the Department of Planning and Development that the increase in density is more detrimental to the general health and safety of the neighborhood was more reliable than the opinion of Bannon who had not visited the site until the day he testified.
Mr. Dulgarian goes through great effort to challenge findings of fact numbered 4, 5 and 6 arguing that "there is no evidence to support the finding." The Board found as follows:
 4. ". . . that due to the configuration of this very large building and due to the interior layout of the structure, the only reasonable alternative would be to use the structure as a two-family dwelling."
 5. ". . . that the Applicants have clearly established that due to the size and location of the existing structure, the parcel is not suitable for any less than two-dwelling units."
 6. ". . . that there is no other reasonable alternative to enjoy a legally permitted beneficial use of the subject property."
 SPECIAL USE[1]
It is well established that an applicant seeking to obtain a special [use] exception must satisfy the rules and standards laid out in the ordinances permitting such relief See Sea View Cliffs,Inc. v. Zoning Bd. of Review, 112 R.I. 314, 309 A.2d 20 (1973);Klowan v. Zoning Bd. of Review, 99 R.I. 252, 253, 207 A.2d 42
(1965). These rules and standards governing the exercise of a Board's authority to grant a special [use] exception are" . . . conditions precedent which must be met" before the zoning board is authorized to grant the special [use] exception. Guiberson v.Roman Catholic Bishop, 112 R.I. 252, 258-59, 308 A.2d 503, 506-7 (1973). Where there is any evidence of probative force in the record which negates any of the conditions precedent set forth in the zoning ordinance, a court on appeal will not ordinarily weigh it and the Board's decision must stand. Thomson Methodist Churchv. Zoning Bd. of Review, 99 R.I. 675, 680, 210 A.2d 138, 141 (1965). In the absence of such evidence, the conclusion of a court on appeal will be otherwise, provided however, that the applicants have by competent evidence satisfied all of the prescribed standards and established the existence of all of the conditions precedent. Id. A zoning board should not refuse the special use permit unless the standards for its issuance are not satisfied with respect to a particular site or location. Perronv. Zoning Bd. of Review, 117 R.I. 571, 369 A.2d 638 (1977). See also Salve Regina College v. Zoning Bd. of Review, 594 A.2d 878
(R.I. 1991).
According to Section 902.4 of the Providence Zoning Ordinance, when granting a special use permit the Board shall require that evidence of the following standards be entered into the record of the proceeding:
 "(1) The proposed special use permit is set forth specifically in [the] ordinance, and complies with any conditions set forth therein for the authorization of such special use permit;
 (2) Granting a proposed special use permit will not substantially injure the use and enjoyment of nor specifically devalue neighboring property; and
 (3) Granting the proposed special use permit will not be detrimental or injurious to the general health, or welfare of the community."
With respect to the requirement that the proposed special [use] exception "not substantially injure the use and enjoyment of nor significantly devalue neighboring property," the Board heard relevant testimony from Andolfo and Bannon. Both were qualified as expert witnesses without objection and testified that, if granted, the special use would not significantly devalue neighboring property. Additionally, they testified that granting the permit would not be detrimental or injurious to the general health or welfare of the community. "It is settled [law] that a zoning board's decision will not be disturbed if there is anylegally competent evidence upon which it may reasonable rest."Thomson Methodist Church, 99 R.I. at 681, 210 A.2d at 142 (emphasis added). No conflicting expert testimony or evidence was offered by Mr. Dulgarian. Mr. Dulgarian's testimony amounted to a lay opinion which has no probative force against the testimony of experts. See Id. see also, Smith v. Zoning Bd. of Review,103 R.I. 328, 334, 237 A.2d 551, 554 (1968).
This Court has fully examined the record to discern evidentiary support for the Board's grant of the petition. Legal consideration by the Board of the special use petition standard is evident within the record. The Board ultimately addressed all necessary legal elements before granting the requested petition. This Court's examination of the record revealed that the Board's decision is supported by the reliable, probative, and substantial evidence of record. Richards v. Zoning Bd. of Review,100 R.I. 212, 213 A.2d 814, 818 (1965).
Upon review of the entire record, this Court finds that the decision of the Board is supported by reliable, substantive, and probative evidence and there is no violation of constitutional, statutory, or ordinance provisions. The Board did not act in excess of authority granted to it by statute or ordinance provisions. The Board's decision is neither clearly erroneous in view of the record nor is it arbitrary or capricious. There are no errors of law or procedure such that substantial rights of the appellant were prejudiced. Accordingly, the decision of the Board is affirmed.
Counsel for the prevailing party shall submit the appropriate judgment for entry.
[1] Prior to the adoption of the Zoning Enabling Act, P. L. 1991, ch. 307, Section 1 (codified at R.I. Gen. Laws Sections 45-24-28 to 56), a special use was referred to as a special exception.