DECISION
Before the Court is an appeal of a decision of the Zoning Board of Review of the City of Newport (Board). Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts/Travel
The property in question is a 57 unit condominium complex located on Harrison Avenue in Newport, and is identified as Lot 8, Plat 41, on the Newport Tax Assessor's map. According to the Boniecrest Condominium Association (appellant), the Board granted the appellant a special exception permitting the construction of 79 condominium units, in 1979. When the complex was originally built, it contained 58 units. In 1993, two units were combined and the total number of units dropped to 57.
At some point in 1999, the appellant sought permission from the Newport Zoning Officer to convert a certain storage space on its property into a residential condominium, thus returning the number of condominium units to 58. The Zoning Officer denied the request, determining that the increase of one unit would substantially intensify the use of the property, and thus would require a special use permit.
The appellant appealed the Zoning Officer's determination to the Board. The Board heard the appeal on June 28, 1999. At the hearing, several witnesses testified. The Board heard testimony from the appellant's on-site property manager, who stated that the number of units would return to the site's original 58, if the new unit was created. Furthermore, the property manager testified that there would be no exterior changes to any of the complex's buildings, save for a new door and window where the new unit was to be created. Dennis M. Taber, a traffic expert, testified that the addition of the unit would not have a negative effect on traffic flow in the local area. Peter Merritt, an expert on land use matters, testified that the additional unit would not alter the use of the special exception originally granted by the Board. On November 22, 1999, the Board denied the appeal. That decision was recorded on May 3, 2000. The appellant timely filed the appeal at bar on May 17, 2000. Both parties have briefed this Court on the appeal at bar.
 Standard of Review
This Court's appellate jurisdiction of zoning board of review decisions is pursuant to G.L. 1956 § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
(1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of the Board, this Court must examine the entire certified record to determine whether substantial evidence exists to support its findings. Salve Regina College v. Zoning Bd. of Review,594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990).
Moreover, this Court should exercise restraint in substituting its judgment for the Board and is compelled to uphold the Board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 Expansion of the Use
The appellant correctly argues that the matter at bar is controlled by our Supreme Court's holding in Warner v. Board of Review of the City of Newport, 104 R.I. 207, 243 A.2d 92 (1968). In Warner, the Supreme Court stated:
 "[T]he authority of a [zoning] board of review to grant successive exceptions applying to the same land will depend upon whether the use sought by way of the subsequent exception partakes of the character of the use granted in the prior exception, and if it is such a similar use, whether, if granted, it would result in more that an insubstantial intensification of that use. Where the use is of the same character as that granted in the prior exception but would not substantially intensify that use, we hold that a board is without authority to grant another exception therefor. This for the reason that the owner of the land, by virtue of the first exception, has become entitled to make such use of the land and retains that right so long as that use is not so intensified as to become contrary to the public interests which justify the exercise of the police power."
Id. at 94-95, 211.
Although Warner was decided in 1968, the rule of law it clarified has not been affected by the adoption of the Zoning Enabling Act of 1991, G.L. 1956 §§ 45-24-27 to 45-24-72. Therefore, in deciding whether the appellant has the right to add the extra unit, the Board had a duty to examine first whether the use is of the same character as the use originally granted by the Board in 1979, and second whether the additional unit will substantially intensify the previously permitted use.
The testimony before the Board clearly set forth that the proposed use of the additional unit would be exactly the same character as the use granted by the Board in 1979. The decision of the Board reflects the same. In fact, the Chairperson of the Board stated that "we need to focus our inquiries on . . . whether the proposed change is within the character as originally approved, and indeed it is[.]" Transcript of the November 22, 1999 decision of the Board, pages 2 and 3. Thus, the only dispute between the Board and the appellant is whether the proposed unit would create a substantial intensification of the original exception.
The evidence presented to the Board uniformly supported the argument that the proposed unit would not substantially intensify the prior exception, granted by the Board in 1979. In fact, the number of units would merely return to the number that existed prior to 1993, when two units were combined to form one double sized unit. See June 28, 1999 Transcript, pages 6-9. No evidence was presented before the Board to demonstrate that the unit would represent a substantial intensification of the use.
However, in spite of the evidence before it, the Board decided that the unit would substantially intensify the previously approved use. As a result, the Board determined that the unit could not be added as a matter of right, but instead would require a special use permit.
Our Supreme Court has held that the findings of a zoning board of review must be factual rather than conclusory. See Irish Partnership v. Rommel, 518 A.2d 356 (R.I. 1986). Furthermore, if a zoning board of review is presented with competent expert testimony supporting a petition, controverted only by lay testimony, its denial of the petition is deemed to be arbitrary and capricious. See Goldstein v. Zoning Board of Review of Warwick, 101 R.I. 728, 227 A.2d 195 (1967). Furthermore, although a zoning board is not obliged to accept the testimony of an expert if there is evidence of record that controverts the expert's opinion, see Restivo v. Lynch, 707 A.2d 663 (R.I. 1998), when that expert testimony is completely uncontroverted, the Board is simply not within its authority to reach a contradictory finding. See Sanfilippo v. Zoning Board of Review, 96 R.I. 17, 188 A.2d 464 (1963).
The uncontroverted evidence of record demonstrated that the proposed addition of one unit to the complex would not result in a substantial intensification of the use granted by the Board originally. It cannot be said that the Board's conclusion to the contrary resulted "from an exercise of the [B]oard's fact-finding power on legally competent evidence." Braun v. Zoning Board of Review of South Kingston, 99 R.I. 105,206 A.2d 96 (1965).
Therefore, after a review of the entire record, the Court finds that the Board's finding of substantial intensification was not supported by the reliable, probative, and substantial evidence of record, and constituted an error of law. Substantial rights of the appellants have been prejudiced. The appellant, by virtue of the prior exception, need not obtain a special use permit in order to commence the planned modification. Accordingly, the Board is without authority to require the appellant to seek a special use permit. The decision of the Board is reversed.
Counsel shall prepare the appropriate order.