DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the Town of Newport ("the Board"), which denied Accrington Realty, LLC ("Accrington" or "Appellant") a dimensional variance. Appellant seeks reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 I Facts and Travel
The lot in question, located at 13 Boss Court in Newport, Rhode Island, is owned by Appellant and is known as Tax Assessor's Plat 39, Lot 289. The property is located in an R-10 Residence District, which requires 10,000 square feet minimum lot size for single-family dwellings. (Zoning Ordinance of the City of Newport, § 17.20.030.) The subject lot, consisting of approximately 3850 square feet, is non-conforming. (Application for Dimensional Variance.) The property, at present, is vacant land. Id.
In April of 2005, Appellant applied for a dimensional variance in order to construct a 1,065.5 square foot, three-bedroom single-family residence on the subject lot. Id. Specifically, Appellant's application proposed a 4 foot side-yard setback (10 feet required), 27.6% lot coverage (20% allowed), and a height of 32 feet (30 feet allowed). *Page 2 Id. Subsequently, the Board held a properly noticed public hearing on the Appellant's petition on December 12, 2005. (Hr'g Tr., 1.)
At the hearing, Appellant presented three witnesses who testified in favor of the application. Appellant's first witness, John Shekarchi, a principal in Accrington Realty, testified regarding the extent of the anticipated construction. Id. at 11-29. In his testimony, Mr. Shekarchi outlined a plan that entailed construction of a residence that physically fit the character of the surrounding neighborhood while requiring the least relief necessary from the terms of the zoning ordinance. Id. at 15-21. Mr. Shekarchi further testified that Accrington had revised the plans it initially submitted to the Board, in that the height of the proposed structure had been reduced in such a way that the height variance originally requested was no longer needed. Id. at 13:3-13. At the close of Shekarchi's testimony, Board member Rebecca McSweeney ("McSweeney") asked Shekarchi, "What prevented you from [designing] a narrower house?" Id. at 27:17. Shekarchi responded by stating that narrower designs resulted in a "kitchen [that] was very, very tight, and the bedrooms became very, very small. . . ."Id. at 27:19-20.
Appellant's second witness, Edward Pimental, whose qualifications to offer expert testimony regarding land use, planning, and zoning, were presented before the Board, testified regarding the anticipated construction. Id. at 30-40. Mr. Pimental testified that because the Appellant sought only "a side yard variance on one side, and an 8 percent coverage [variance]," the relief sought, in his expert opinion, was the least amount of relief necessary to proceed with construction of a functional home on the subject lot.Id. at 39:25 — 40:5. At the close of Pimental's testimony, there were no questions posed to him by the members of the Board.Id. at 40:22-23. *Page 3 
A third witness, Robert DeGregorio, also testified in favor or Appellant's application. Id. at 41. After some debate over DeGregorio's credentials, the Board concluded that he had the "credentials necessary" to testify as an expert in real estate.[1]Id. at 44:3-14. Before the Board, DeGregorio testified that the dimensional relief requested by the Appellant was the minimum amount necessary to build a home on the subject lot.Id. at 48:17-19. At the close of DeGregorio's testimony, there were no questions posed to him by the members of the Board.Id. at 50:17-25.
Finally, Arlene Nicholas, a neighbor and objector, also testified at the hearing. Id. at 51-59. Ms. Nicholas questioned the Appellant's assertion that a livable and marketable residence could not be built on the subject lot without relief from the provisions of the zoning ordinance. Id. at 54:18-20. Ms. Nicholas was not qualified as an expert before the Board.
At the conclusion of the hearing, Board member Marvin Abney made a motion to approve the proposed dimensional variances.Id. at 66. Immediately thereafter, the Board engaged in a colloquy regarding the merits of the application.Id. at 66-74. Therein, Board member McSweeney stated:
 I feel as though there has not been sufficient evidence presented that either a house of a smaller size could not be designed, or that the width of the home was the least relief necessary, or that it was, overall, the minimum size necessary for a habitable home, and therefore, I will be voting against the petition. Id. at 71:14-20. *Page 4 
Subsequently, the Board voted on the application.Id. at 74. The final tally resulted in three votes in favor of granting the application and two votes against. Id. Despite the fact that a majority of Board members voted to approve the proposal, the application was denied pursuant to G.L. 45-24-57(2)(iii), because it failed to receive the statutorily prescribed four votes.[2]
Subsequently, in April of 2007, the Board issued a two-and-one-half page written decision formally denying the Appellant's application. (Decision, 3.) The Board's written decision was recorded with the city clerk on May 1, 2007. Id. Appellant thereafter filed a timely appeal to this Court. (Complaint, 1.)
On appeal, Appellant seeks reversal of the Board's denial, claiming that the Board's prevailing two-vote contingent set forth findings of fact and conclusions of law in the written decision that are arbitrary, capricious and clearly erroneous because the Board's conclusions are unsupported by substantial evidence in the record. Specifically, Appellant asserts that the Board's prevailing two-vote contingent erred in its finding that the relief sought by Appellant was not the least relief necessary. Conversely, the Board argues that, pursuant to the applicable standard of review, the Board's decision to grant the Applicant a dimensional variance should not be disturbed. *Page 5 
 II Standard of Review
This Court's review of a zoning board's decision is governed by § 45-24-69(d), which provides:
 The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a zoning board decision, a justice of the Superior Court may not "substitute [his or her] judgment for that of the zoning board if [he or she] conscientiously find[s] that the board's decision was supported by substantial evidence." Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less *Page 6 
than a preponderance." Lischio v. Zoning Bd. of Reviewof North Kingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quotingCaswell v. George Sherman Sand Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981)). Conclusional or insufficient evidence warrants the reversal of a zoning board's decision.Hopf v. Bd. of Review of City of Newport,120 R.I. 275, 288-89, 230 A.2d 420, 428-29 (1967).
 III Analysis A Dimensional Variance
The legal standards that a zoning board is required to apply when deciding to issue a variance are set forth in § 45-24-41(c), and are substantially similar to the standards set forth in § 17.108.010(B)(5) of the Newport Zoning Ordinance. In accordance with these standards, variance applicants must present evidence to a zoning board of review demonstrating:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary. *Page 7 
In addition, when an applicant seeks a dimensional variance, § 45-24-41(d)(2) provides that zoning boards of review must require entry of evidence into the record establishing that "the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience." See Lischio, 818 A.2d at 693-95; seealso Zoning Ordinance of the City of Newport, § 17.108.010(B)(6).
 B Expert Testimony
In the instant matter, the Appellant contends that the prevailing two-vote contingent of the Board erred in rejecting the testimony of the experts that spoke in favor of the proposal at the December 12, 2005 hearing. The prevailing two-vote contingent effectively rejected Mr. Pimental and Mr. DeGregorio's testimony in deciding that "[t]he relief requested [was] not the minimum relief necessary." (Decision, 2.) Conversely, the Board asserts that it was the two-vote contingent's prerogative to make independent credibility determinations concerning the testimony of Appellant's expert witnesses.
Our Supreme Court has noted that "there is no talismanic significance to expert testimony [and it] may be accepted or rejected by the trier of fact. . . ." Restivo v. Lynch,707 A.2d 663, 671 (R.I. 1998). The Court recently revisited this maxim in the context of a zoning appeal in Murphy v. Zoning Bd.of Review of Town of South Kingstown, 959 A.2d 535 (R.I. 2008). Therein, the Court stated that "[i]t should go without saying that expert testimony proffered to a zoning board is not somehow exempt from being attacked in several ways."Id. at 542 n. 6
In East Bay Community Development Corp. v. Zoning Board ofReview of Barrington, 901 A.2d 1136, 1157 (R.I. 2006), our Supreme Court approved a challenge to expert testimony on the basis of the personal knowledge and observations of the members *Page 8 
of the zoning board because there were adequate disclosures of the information that the members relied upon in the record.Id. at 1157. Similarly, in Restivo, the Court held that the personal observations of municipal council members constituted legally competent evidence because the record disclosed the nature and character of those observations.Id. at 666. Specifically, the record in Restivo
reflected that two council members traveled to the site in question, familiarized themselves with the severity of a particular water drainage problem, and disclosed the observations made pursuant to their visit in detail to the council. Id. at 667.
While a zoning board may reject an expert's opinion in favor of contrary evidence gleaned from personal knowledge and observations of zoning board members, it cannot disregard expert testimony that is the only evidence on an issue without providing a basis for such a rejection. Carter Corp. v. Zoning Bd. of Review of Town ofLincoln, 98 R.I. 270, 273, 201 A.2d 153, 155 (R.I. 1964). Our Supreme Court has made it clear that in all cases in which a zoning board rejects uncontradicted expert testimony, the board must "disclose[] on the record the observations or information uponwhich it acted." Toohey v. Kilday,415 A.2d 732, 738 (R.I. 1980) (citing Perron v. Zoning Board ofReview of Burrillville,117 R.I. 571, 576, 369 A.2d 638, 641 (1977)) (emphasis added.).
The record in this case discloses that Board member McSweeney expressed some concern about the qualifications of one of Appellant's experts, Robert DeGregorio, based on the fact that Gregorio possessed only a real estate agent license rather than a real estate agent license and a real estate broker license. (Hr'g Tr., 42:20-24.) However, a second expert, Edward Pimental, testified that because the Appellant sought only "a side yard variance on one side, and an 8 percent coverage [variance]," the relief sought, in his *Page 9 
expert opinion, was the least amount of relief necessary to proceed with construction of a functional home on the subject lot.Id. at 39:25 — 40:5. Mr. Pimental's expert qualifications were readily accepted by the Board. Id. at 31:2-4. Furthermore, at the close of his testimony, the members of the Board posed no questions to Mr. Pimental. Id. at 40:22-23. Yet, just prior to the Board's vote on the application, Board member McSweeney stated that she "[felt] as though there has not been sufficient evidence presented that . . . a house of a smaller size could not be designed," without articulating a basis for her position.Id. at 71:14-16.
In the present case, the record does not reflect that the prevailing two-vote contingent of the Board engaged in any of the responsibilities on which the competency of the evidence inRestivo turned. Here, there is no indication in the record that the two council members who voted to deny Appellant's application traveled to the site in question and familiarized themselves with lot at issue. More importantly, the prevailing two-vote contingent failed disclose any observations on the record constituting a basis for their position. See Restivo at 667;see also Perron v. Zoning Board of Review of Burrillville,117 R.I. 571, 576, 369 A.2d 638, 641 (1977) (rejecting as incompetent evidence the personal observations of zoning board members who visited the site in question but did not adequately disclose relevant observations on the record).
While the Board members had the power to disregard the testimony of Appellant's expert witnesses, they were not free to do so in the absence of any competent evidence supporting their conclusions. A zoning board cannot disregard expert testimony that is the only evidence on an issue without providing a basis for such a rejection.Carter Corp. v. Zoning Bd. of Review of Town of Lincoln,98 R.I. 270, 273, 201 A.2d 153, *Page 10 
155 (R.I. 1964). The only evidence in the record contradicting the expert testimony of Mr. DeGregorio or Mr. Pimental on the issue of the amount of relief necessary was the lay testimony offered by abutter Arlene Nicholas. (Hr'g Tr., 51-59.) The testimony of remonstrant-neighbors such as Ms. Arlene Nicholas does not constitute probative evidence. Her testimony lacked probative value because Ms. Nicholas was not shown to be an expert as to the matters testified. See Piccerelli v. Zoning Board of Review ofBarrington, 107 R.I. 221, 266 A.2d 249 (1970); ThomsonMethodist Church v. Zoning Board of Review of Pawtucket,99 R.I. 675, 210 A.2d 138 (1965). Where no competent evidence is offered to offset that of an applicant's experts, as in the instant case, denial of the application may be characterized as arbitrary and an abuse of discretion. Goldstein v. Zoning Board of Reviewof Warwick, 101 R.I. 728, 227 A.2d 195 (1967).
 C The Decision of the Zoning Board
Our Supreme Court has stated that "a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of facts and reasons for the action taken." Sciacca v.Caruso, 769 A.2d 578, 585 (R.I. 2001) (quoting IrishPartnership v. Rommel, 518 A.2d 356, 358 (R.I. 1986)). Such findings must be "factual rather than conclusional, and the application of legal principles must be something more than the recital of a litany." Bernuth v. Zoning Bd. of Review of the Townof New Shoreham, 770 A.2d 396, 401 (R.I. 2001) (quotingIrish P'ship, 518 A.2d at 358-59). When a board fails to state its findings of fact, "the [C]ourt will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Id. (quoting Irish P'ship,518 A.2d at 359).
Our Supreme Court recently reinforced the import of this obligation in State v. *Page 11 Germane, 971 A.2d 555 (R.I. 2009). Therein, the Court stated that "administrative bodies should be meticulous about documenting the fact-finding process that underlies their decision."Id. at 588 (emphasis added). The Court also elaborated on the rationales underlying this obligation, noting that
 [t]he reasons [for documenting the fact finding process] have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction. Id. (citations omitted).
Our Supreme Court continued:
 It is insufficient for an administrative agency to state only an ultimate fact or conclusion, but each ultimate fact or conclusion must be thoroughly explained in order for a court to determine upon what basis each ultimate fact or conclusion was reached. The court must know why. Id. at n. 44 (quoting Geraud v. Schrader, 531 P.2d 872, 879 (Wyo. 1975)) (emphasis in original).
In the instant matter, the two members of the Board voting to deny the application cited five findings of fact in support of their conclusion that the Appellant had not adequately demonstrated evidence establishing that the relief sought was the minimum relief necessary. The findings of fact section reads, in its entirety:
 1. There is a minimum area needed for a habitable home but it is not necessarily a 3-bedrooom home as proposed.
 2. Building on the lot in question does present problems since the water heater, furnace and other utilities can not be placed in the basement. As a result, the first and second floor to some extent must be expanded.
 3. The proposed house does conform to other houses in the neighborhood. *Page 12 
 4. The Applicant has not shown that the home as designed is the minimum size necessary for a habitable home or that a reasonable smaller home in size or width could not have been designed.
 5. The relief requested is not the minimum relief necessary. (Decision, 2.)
Upon review of these factual finding, this Court finds that the decision fails to properly explain how the evidence in the record supports the conclusions reached by the prevailing two-vote contingent of the Board. In other words, "[t]he court must knowwhy." Germane, 971 A.2d at 588 n. 44. The Board "should have disclosed on the record the observations or information upon which it acted." Toohey v. Kilday, 415 A.2d 732, 738 (R.I. 1980) (citing Perron v. Zoning Board of Review of Burrillville,117 R.I. 571, 576, 369 A.2d 638, 641 (1977)). Instead, the written decision issued by the Board members voting to deny the application "is barren of any disclosure of the facts upon which [the dissenters] concluded that the applicant should not prevail."Id.
Proper findings of fact and conclusions of law must expressly address the evidence in the record that speaks to each criterion enumerated in § 45-24-41(c) and (d) pursuant to the directive of our Supreme Court in Sciacca v. Caruso:
 We take this opportunity . . . to caution zoning boards and their attorneys to make certain that zoning board decisions on variance applications (whether use or dimensional) address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d). Sciacca, 769 A.2d 578, 585 (R.I. 2001) (emphasis added).
Based on the foregoing, this Court finds that the written decision issued by the prevailing two-vote contingent of the Board failed to make findings of fact and conclusions of law sufficient to fulfill the requirements set forth in § 45-24-41(c) and (d) of the State Zoning *Page 13 
Enabling Act and § 17.108.010(B)(5) and § 17.108.010(B)(6) of the Newport Zoning Ordinance. The first three findings of fact actually weigh in favor of granting Appellant's application, while the findings numbered four and five cite no facts in support of the conclusions reached by the prevailing two-vote contingent. Where the decision of a zoning board fails to meet these basic standards, a reviewing court may reverse the board's decision if it is "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record." G.L. 1956 § 45-24-69. Consequently, because the only evidence contradicting the testimony of Appellant's expert witnesses was the testimony of remonstrant-neighbor Arlene Nicholas, testimony which cannot be said to constitute probative evidence,see Section III B, supra, the decision of the Board is hereby reversed.
 IV Conclusion
For the foregoing reasons, the Board's decision to deny the Appellant a dimensional variance was clearly erroneous under § 45-24-69(d)(5) in view of the reliable, probative, and substantial evidence of the whole record. Further, the Board's denial of the Appellant's petition constituted an abuse of discretion under § 45-24-69(d)(6). Accordingly, substantial rights of the Appellant have been prejudiced. Therefore, the decision of the Board, denying the Applicants a dimensional variance, is reversed.
Counsel shall submit the appropriate judgment for entry.
[1] The transcript of the hearing reveals that Board member McSweeney was somewhat concerned about Mr. DeGregorio's qualifications based on the fact that Gregorio possessed only a real estate agent license rather than a real estate agent license and a real estate broker license. (Hr'g Tr., 42:20-24.) Nevertheless, the Board subsequently qualified DeGregorio as an expert, noting that shortcomings in his credentials, if any, should go to the weight given his testimony, rather than its admissibility as expert testimony. Id. at 44:2-14.
[2] Section 45-24-57(2)(iii) provides:
 The concurring vote of four (4) of the five (5) members of the zoning board of review sitting at a hearing are required to decide in favor of an applicant on any matter within the discretion of the board upon which it is required to pass under the ordinance, including variances and special-use permits. (Emphasis added.)